Hahn et al. *v.* City of Bethlehem.

Argued April 15, 1936. Before KEPHART, C. J.,
DREW, LINN, STERN and BARNES, JJ.

*Daniel L. McCarthy,* City Solicitor, for appellant.

*Calvin F. Smith,* of *Smith & Paff,* for appellee.

Opinion by Mr. Justice Stern, May 25, 1936:

An award having been made by viewers for the taking of part of plaintiffs' land in connection with the widening of Nazareth Pike, the City of Bethlehem appealed, an issue was framed, and trial by jury had in the court below to determine the amount of damages to which plaintiffs were entitled.

In examining his expert witnesses counsel for plaintiffs asked them what in their opinion was the difference between the fair market value of the property immediately before and the fair market value immediately after the road construction took place. Defendant's counsel objected to this form of questioning on the ground that, instead of being asked what they considered the difference in value to be, they should first be asked their opinion regarding the fair market value of the property before the taking, and then the fair market value after the taking. The court overruled the objections. When it came to the presentation of defendant's side of the case, defendant's counsel asked his witnesses for their opinion as to the fair market value of the property before the exercise of the right of eminent domain and unaffected by it, and the fair market value after the exercise of such right. Counsel for the plaintiffs objected to these questions and the objections were sustained. The result was that two real estate experts for defendant were prevented from giving any valuations whatever, defendant's counsel refusing to avail himself of the permission of the court to ask the one question as to the difference in values before and after the taking.

While it is true that there are some early authorities to the effect that expert witnesses in condemnation or similar proceedings may be asked their opinion directly as to the amount of damage caused to the property (*White Deer Creek Imp. Co. v. Sassaman,* 67 Pa. 415; *Beck v. Penna., Poughkeepsie & Boston R. R. Co.,* 148 Pa. 271), and while such method of examination will not be held to be wholly improper, it is nevertheless evi-

dent that for a witness merely to state his opinion as to the difference between the values before and after the taking is to furnish no helpful means to the jury of ascertaining how he arrived at his estimate and of thereby appraising the value of his testimony. Obviously he could not have determined the alleged difference in values without first coming to a mental conclusion as to the value before and the value after and then subtracting the one from the other, and to give merely the result of this concealed arithmetical calculation is to withhold the factors without which the jury cannot intelligently place their stamp of approval or disapproval upon the testimony. The party producing the witness should not be allowed to cast upon the other side the burden of eliciting on cross-examination the opinion of the witness as to the values before and after the taking. Be this as it may, however, the learned trial judge committed clear error in refusing to allow defendant's witnesses to testify as to the values before and after. Not only for the reason already suggested is this the preferable form of questioning, but it is a method which has been sanctioned by general and long-continued usage, has been tacitly or expressly approved in many opinions of this court,—a comparatively recent example of which is to be found in the case of *McSorley v. Avalon Boro. School District*, 291 Pa. 252, 255,—and has been given even statutory authorization in the Acts of April 21, 1915, P. L. 159, June 23, 1931, P. L. 932, section 2817, and June 24, 1931, P. L. 1206, section 1914. Defendant's 14th to 18th assignments of error, inclusive, are accordingly sustained.

Defendant complains that plaintiff was allowed to introduce in evidence estimates as to the cost of moving the house and certain trees on the property, and also the cost of laying a sidewalk in front of the premises. All of this testimony, however, was offered subject to the express limitation that it was being presented, not as an independent element of damage, but as a matter to be

taken into consideration in arriving at the difference in the fair market value of the property before and after the taking, and the learned trial judge charged the jury to the same effect. There was therefore no violation of the well-established principle expressed in *Westinghouse Airbrake Co. v. Pittsburgh,* 316 Pa. 372, 375, that "Estimates as to the costs of rebuilding specific items of property or injury to particular uses affected by the taking, are not recoverable or admissible as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation." The same rule was applied in *Bridgman Realty Corp. v. Philadelphia,* 317 Pa. 449.

The judgment is reversed and a venire facias de novo awarded.