## Trasoff *v.* Philadelphia, Appellant.

Argued January 8, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

224

*Joseph H. Lieberman,* with him *O. Charles Brodersen,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant.

*Bertram G. Frazier,* with him *B. Graeme Frazier, Jr.,* of *Frazier & Frazier,* for appellee.

PER CURIAM, February 1, 1940:

This is an appeal from the order of the court below sustaining exceptions to the report of a board of view and referring the case back to the board for further proceedings. The appeal must be quashed. The decree entered by the court below is purely interlocutory, in no way determinable of the controversy, and hence not an appealable order: *Sinking Spring Water Co. v. Gring,* 257 Pa. 340, 101 A. 732. The Act of May 16, 1891, P. L. 75, Sec. 6, as amended by the Act of April 2, 1903, P. L. 124, Sec. 2, 53 PS Sec. 402, only provides for an appeal from a decree of the Court of Common Pleas confirming, modifying, changing or correcting a report of a board of view. No appeal is allowed from a decree referring the case back to the board for further proceedings. That the omission was intentional on the part of the legislature is apparent from the fact the same section of the act gives the Court of Common Pleas the power on exceptions not only to confirm, modify, change or correct the report, but also to refer it "back to the same or new viewers." Had the legislature intended to allow an appeal from such an order, it would have expressly so provided.

Appeal quashed at appellant's cost.