## Borough of Braddock v. Bartoletta

Before Smart, Cercone and Brosky, JJ.

*Francis A. Muracca,* for Braddock Borough.

*Anton W. Bigman,* for Braddock Borough School District.

*Sylvan Libson,* for Redevelopment Authority of Allegheny County.

*Daniel Krause, Sidney Baker, Charles G. Notari, James A. Danahey, Coleman Harrison, Tasso E. Camarinos, Allan H. Cohen, George J. Miller, John A. Virostek, James H. Brennan, Leonard M. Mendelson* and *McCrady & Kreimer*, for defendants.

SMART, J., October 18, 1961.—This matter comes before us on a case stated. Essentially the facts are as follows:

The Redevelopment Authority of Allegheny County adopted on March 12, 1969, a resolution purporting to acquire by condemnation certain real estate in the Borough of Braddock. Each of the defendants except the Redevelopment Authority and Louisville Title Insurance Company was on March 12, 1959, the owner of real estate in the Borough of Braddock, as set forth on the project property map attached to and part of the aforementioned resolution.

At various times following the adoption of said resolution, the Redevelopment Authority of Allegheny County submitted to and duly entered into with each of the defendant property owners a certain proposal agreement. At or about the time of the execution of each proposal agreement, bond of the Redevelopment Authority of Allegheny County, conditioned for the payment of such damages as were agreed upon or awarded, was tendered to each of the property owners and accepted by them pursuant to the Act of July 28, 1953, P. L. 723, art. XXVI, sec. 2606, 16 PS §5606, and thereupon the Redevelopment Authority had the right to immediate possession of each property.

At various times following the adoption of the so-called perimeter-taking resolution, the Redevelopment Authority adopted certain confirming taking resolutions which specifically appropriated certain parcels of real estate within the project area. Following the adoption of these confirming resolutions, bond of the Redevelopment Authority of Allegheny County with

corporate surety, conditioned for the payment of such damages as might be agreed upon or awarded, was tendered to certain of the defendant property owners and upon their refusal to accept the same, said bond was presented to the Court of Common Pleas of Allegheny County, approved by said court, ordered filed, and the court granted the right of immediate possession to the Redevelopment Authority.

Subsequently, following the adoption of the said resolutions and the execution of the aforesaid proposal agreements, the Redevelopment Authority of Allegheny County and each of the defendant property owners duly entered into an "Agreement in Confirmation of Condemnation Proceedings". The only alternative to the execution by said defendants of these agreements was litigation of the damage claims before the Board of Viewers.

At the time of all these proceedings there was in effect an ordinance of the Borough of Braddock and a resolution of the School District of the Borough of Braddock imposing a tax on the transfer of real estate situate within the boundaries of the borough at the rate of one-half of one percent each. Upon notification, the Louisville Title Company, with the consent of the Redevelopment Authority held the sum of one percent in escrow out of the proceeds of all real estate closings in this area for the payment of any deed transfer tax which may be due and owing. The said title company is a party to this action solely as an escrow agent.

The question for determination is—does the ordinance and the resolution impose a legally collectible tax upon the transactions herein set forth? We are of the opinion that they do not.

In the first place, it is clear that the property involved herein had been legally taken by condemnation *prior* to any agreements entered into between the Authority and the property owners. The resolution

adopted states that the Authority "hereby takes, condemns and appropriates" a certain tract of land. The properties of defendants were encompassed within the described tract. The Redevelopment Authority has the power to acquire by eminent domain real property: Act of May 24, 1945, P. L. 991, sec. 9, 35 PS §1709 (i).

Plaintiffs contend that since there is no exemption in the resolution of the School District of the Borough of Braddock, or the ordinance of the Borough of Braddock, or in the enabling act for the transactions involved herein, the same are taxable. Plaintiffs' deed transfer tax was enacted and duly adopted under the provisions of the Act of June 25, 1947, P. L. 1145, and its amendments, 53 PS §6851 et seq. This act, which is commonly referred to as Act 481 of 1947, is a general "tax all" act. While it is true that Act 481 does not provide an exemption in the case of condemnation, the act does provide and permits a tax only upon ". . . the *transfer* of real property or of any interest in real property": 53 PS §6851. (Italics supplied.)

This case is one of first impression, and after careful consideration, we are of the opinion that there was no *transfer* of real property or of any interest therein within the meaning of Act 481, that would permit the imposition of the tax in question. The resolution condemning the property divested defendant property owners of all interest in their realty and, therefore, any agreements thereafter entered into between them and the Authority could not have granted, transferred, conveyed or otherwise vested the title thereto or any real interest therein. Act 481, the ordinance and the resolution in question permit the tax upon the *transfer* of real property which shall be granted, bargained, sold or otherwise conveyed.

The proposal agreement and the agreement in confirmation of condemnation proceedings entered into between the property owners and the Authority after

the condemnation resolution of March 12, 1959, accomplish nothing more than to set forth a figure which the owners agreed to accept and which the Authority agrees to pay as damages for the condemned property. When land is taken by condemnation, title passes from the owner immediately: Briegel v. Briegel, 307 Pa. 93.

Any contention on the part of plaintiffs that the Authority's resolutions were insufficient to constitute an appropriation of defendants' property and the appropriation was completed only by defendants' acceptance of bond and execution of the proposal agreement and the agreement in confirmation of condemnation proceedings is refuted by the case of Lakewood Memorial Gardens, Inc. Appeal, 381 Pa. 46. This case held that the date of taking is the date upon which the Pennsylvania Turnpike Commission adopted its formal condemnation resolution, which was approved by the Governor and the Department of Highways, setting forth the location of the proposed taking. The court in the Lakewood Memorial Gardens case states at pages 55 and 56:

"The giving of a bond, as required by Article XVI, Section 8, of the Pennsylvania Constitution, to secure just compensation to an owner for property 'taken, injured or destroyed' in an exercise of eminent domain, is, of course, a prerequisite of the condemnor's right of entry. In constitutional contemplation, it is the entry which constitutes the 'taking, injury or destruction' before which compensation for the affected property must be paid or secured. The act of condemnation, however, may, and frequently does, take place some time before actual entry upon the appropriated property . . ."

We are of the opinion that the resolution of March 12, 1959, by the Redevelopment Authority of Allegheny County, which is a public body, corporate and politic, exercising public powers of the Commonwealth

as an agency thereof, pursuant to Act of May 24, 1945, P. L. 991, sec. 9, 35 PS §1709, constituted the condemnation. From this time, any and all vestige of legal title to the property in question immediately became vested in the said Authority. The only interest which may be said to have been remaining in defendant property owners after the enactment of the condemnation resolution was a right to just compensation. It was this right of just compensation which was settled and conveyed to the authority by the instruments sought to be taxed and these instruments did not and indeed could not convey or transfer any interest in real property subject to Act 481 or plaintiffs' ordinance and resolution adopted pursuant thereto.

It is to be noted that had any of the defendant property owners not accepted the settlement offered them by the Authority after the condemnation and appealed to the board of viewers and from that body to the court, and their case finally determined, no instrument in confirmation of condemnation would ever be required of said property owner and, therefore, there would be no instrument upon which any tax of plaintiffs could be assessed. This court is not unmindful of the procedure adopted in many condemnation cases wherein instead of the property owner executing an instrument in confirmation of condemnation, the matter is set down for a hearing before the board of viewers at which hearing the condemning body and the property owner both testify to a previously agreed value and the board of viewers then makes its award in accordance with this agreed value. This procedure is time consuming and results in needless litigation. It is clear that had there been a judicial determination of these damage claims, the transfer tax could not have been imposed. The present defendants who have settled their cases and freed the judicial machinery from the burden of adjudicating the same

ought not be subjected to a penalty in the form of a transfer stamp tax for having done that which the law encourages all litigants to do. In the present case, the only alternative to the execution by defendants of the agreements in question *after condemnation* was litigation of their damage claims.

For the reasons stated herein, the ordinance and resolution of the Borough of Braddock and the School District of Braddock do not impose a legally collectible tax upon the transactions set forth herein, and the Louisville Title Insurance Company will be ordered to make payment of the moneys held in escrow to defendants from whom the same has been withheld.

### Order

And now, to wit, October 18, 1961, after full consideration of case stated, the court finds the ordinance of the Borough of Braddock and the resolution of the School District of Braddock do not impose a legally collectible tax on the properties of defendants, and it is ordered that judgment be entered in favor of the defendant property owners and the Louisville Title Insurance Company is directed to pay to defendant property owners the moneys held in escrow without any penalty or interest.