## Manganese Steel Forge Company *v.* Commonwealth, Appellant.

Argued January 5, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George R. Specter,* Assistant Attorney General, with him *John E. Walheim,* Special Assistant Attorney General, *Michael R. Deckman,* Assistant Attorney General, *John R. Rezzolla,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Charles J. Biddle,* with him *Thomas Reath,* and *Drinker, Biddle & Reath,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 22, 1966:

This is an appeal by the Commonwealth as condemnor in an eminent domain proceeding from an Order of the Court of Common Pleas No. 6 of Philadelphia County. This Order dismissed the Commonwealth's "appeal from [the] Report of [the Board of] Viewers." The effect of the Order of the Court of Common Pleas was to dismiss the objections raised by the Commonwealth to *one separate and specific item* of damages which had been awarded by the Board.

On March 26, 1962, the Pennsylvania Department of Highways condemned a portion of condemnee's property including part of its industrial plant, to obtain land for the construction of the Delaware Expressway in the City of Philadelphia. The parties being unable to agree on damages, a board of viewers was appointed under the Eminent Domain Code of 1964, §504.*

Hearings were held by the Board in October, 1964. On November 30, 1964, the Board filed a viewers' report. The Board, in its Report which awarded total damages, included therein (inter alia) a separate *specific and distinct item,* viz., Relocation and Reinstallation Damages *in the amount of $50,000.*

---

* Act of June 22, 1964, P. L. 84, 26 P.S. §1-504. Although the condemnation occurred prior to the effective date of the Act, §302 provides that Articles V and VII shall be applied retroactively.

The Commonwealth, on December 29, 1964, appealed to the Common Pleas Court as permitted by §515 of the new Eminent Domain Code, supra, and also demanded a jury trial. The Commonwealth sought, under §517 of the Code,* *a preliminary ruling* before the jury trial that relocation and reinstallation expenses are absolutely non-compensable in eminent domain proceedings. The lower Court declined to rule the question preliminarily in favor of the Commonwealth, but, as evidenced by its opinion, held that the cost of removal and reinstallation are *factors* which may properly be considered in determining the "before" and "after" value where there has been a partial taking.

Since this case arose in relevant part prior to the new Eminent Domain Code of June 22, 1964, supra, this holding was an accurate statement of the law. *Dyer v. Commonwealth,* 396 Pa. 524, 152 A. 2d 760; *Hahn v. City of Bethlehem,* 322 Pa. 129, 185 Atl. 227; *Regina v. Monroe County,* 319 Pa. 257, 179 Atl. 36; *Westinghouse Air Brake Co. v. Pittsburgh,* 316 Pa. 372, 176 Atl. 13.

We believe that both appellant and appellee now agree with this ruling, which we repeat we have herein affirmed. The real issue between the parties is therefore now moot. In *Schuster v. Gilberton Coal Company,* 412 Pa. 353, 194 A. 2d 346, the Court said (page 358): " 'It has long been the rule in Pennsylvania that this Court will not decide moot questions. We will do so only in rare instances where exceptional circumstances exist or where questions of great public importance are involved: Conti v. Department of Labor

---

* In light of our conclusion, we need not decide whether this appeal merely questioned "the amount" of the award or the fact that the specific relocation item was non-compensable and whether the Order of the lower Court was (1) a confirmation, modification or change of the report of the Viewers or (2) a final Order under §517, and therefore appealable under §523.

and Industry, 405 Pa. 309, 175 A. 2d 56 (1961).' Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co., 407 Pa. 230, 232, 180 A. 2d 1, 3 (1962)."

·We note further that the trial in the Court of Common Pleas is de novo; moreover under §703(3) of the new Act and even prior thereto, the viewers' report is not admissible in evidence. *Berger v. Public Parking Authority of Pittsburgh,* 380 Pa. 19, 109 A. 2d 709.

Appeal dismissed.

Mr. Justice COHEN concurs in the result.