Dacar Chemical Products Company *v.* Allegheny County Redevelopment Authority, Appellant.

Argued October 5, 1966, decided January 20, 1967, reargument granted February 15, 1967, reargued March 20, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sylvan Libson,* with him *Aaron Cohen,* for appellant.

*William J. Kenney,* with him *Henry W. Fulton, Jr.,* and *Kenney, Stevens, Clark & Semple,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 24, 1967:

On June 11, 1964 the Redevelopment Authority of Allegheny County (defendant herein) pursuant to the Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, as amended, adopted a resolution condemning property owned by plaintiff. On June 22, 1964, the Eminent Domain Code of 1964, P. L. 84, became effective. On August 26, 1964, defendant received approval from the Court of Common Pleas of Allegheny County, of its bond to obtain the right to immediate possession of plaintiff's property.

Section 302 of the Eminent Domain Code of 1964, 26 P.S. §1-302 (Supp. 1965), provides in relevant part: "This act shall take effect immediately upon approval, and shall apply to all condemnations effected there-

after. . . ." Article VI of the 1964 Code creates new rights of damages which have no counterpart in prior Pennsylvania law. Under §608 of the new act the condemnee is entitled to recover damages for the expenses incurred in moving machinery and equipment and reinstalling the same; under §610, the condemnee may recover his expenses in moving other personal property. Under earlier law, neither right of damages was available to a condemnee. Accordingly, plaintiff's recoverable damages will be substantially increased if the 1964 Code is applicable to this condemnation proceeding. The issue resolves itself to the question of determining when a condemnation is deemed to be "effected"—upon the passage of the resolution of taking or upon the filing of the bond. The lower court decided that the effective date of condemnation was the date of approval of the bond. We disagree.

This question, although not previously decided by us in this context, has been answered by this Court in several earlier cases where we determined that the date of taking was the date upon which the condemning authority formally adopted its resolution of taking. We believe that the taking was effected by the Board's resolution on June 11, 1964; that the approval of the bond was merely a prerequisite of the Authority's right of immediate entry; and that the date of taking related back to the date of the condemnation resolution. In *Lakewood Memorial Gardens, Inc. Appeal,* 381 Pa. 46, 112 A. 2d 135 (1955), we so held and stated: "The giving of a bond, as required by Article XVI, Section 8, of the Pennsylvania Constitution, to secure just compensation to an owner for property 'taken, injured or destroyed' in an exercise of eminent domain, is, of course, a prerequisite of the condemnor's right of entry. In constitutional contemplation, it is the entry which constitutes the 'taking, injury or destruction' before which compensation for the affected

property must be paid or secured. The act of condemnation, however, may, and frequently does, take place some time before actual entry upon the appropriated property. In such instance, after there is a physical entry, the date of the taking relates back to the date of the ordinance or resolution of condemnation. . . . [T]he act of condemnation is a 'constructive appropriation' . . . it is that event to which 'the taking' relates back after there has been an actual physical entry. It is as of that date that the damages to the owner, both for the property taken, injured or destroyed and for detention of payment of the damages, are to be reckoned." (381 Pa. at 55-56, 112 A. 2d 140). In *Braddock Borough v. Bartoletta,* 409 Pa. 281, 186 A. 2d 243 (1962), affirming per curiam 28 Pa. D. & C. 2d 529 (1961), we affirmed the judgment of the lower court reaching an identical conclusion.

Perhaps the language most pertinent to the instant matter is that appearing in *Philadelphia Appeal,* 364 Pa. 71, 70 A. 2d 847 (1950), wherein this Court determined that a municipal ordinance appropriating specified tracts of land by its own force effected a condemnation. At 364 Pa. 73-74, 70 A. 2d 848-849, Mr. Justice (later Chief Justice) CHARLES ALVIN JONES, speaking for a unanimous Court declared: "The ordinance was no mere authorization to institute proceedings to condemn. It was the condemnation. . . . The ordinance was intended to, and by its own force did, effect the condemnation; the direction respecting the assessment of the damages was but incidental to the principal undertaking of the ordinance. . . .

"There was nothing further needed to vest title to the property in the City. The constitutional requirement (Pa. Const. Art. XVI, Sec. 8), that just compensation for the property taken be paid or secured before the taking, was fully complied with." Cf. *Pane v. Department of Highways,* 422 Pa. 489, 222 A. 2d 913

(1966), where this Court recognized that when the Department of Highways files a plan for the taking of property, the condemnation is effected on the date the plan is filed.

Experience has taught us (and condemnees) that when a government agency has approved a resolution authorizing a taking of property, that is the only fair and equitable time to ascertain damages. Undue delay on the part of the agency in carrying its resolution into effect has caused the value of the property taken to depress. Accordingly, wisdom and fairness dictate that damages be determined at the time the resolution is passed, when the cloud first appears over the property. In the instant case, the condemnee is raising this question not because there was no taking consistent with established Pennsylvania precedent, but because the new act provides for damages in excess of those allowed under prior law. We are not satisfied that that reason is a sufficient basis to overlook or overrule established law. Hence, the order of the court below should be reversed.

The foregoing analysis satisfactorily disposes of the substantive problem in this matter. There is, however, a procedural question which, although it will have no effect on the disposition of this case, merits discussion. In *Manganese Steel Forge Company v. Commonwealth,* 421 Pa. 67, 218 A. 2d 307 (1966), this Court noted that in eminent domain proceedings an appeal from the report of the board of viewers is heard de novo by the court of common pleas. That being so, it would seem that we ought properly to dismiss the instant appeal. However, in *Manganese,* the only dispute was one of fact. There was no dispute as to the law applicable, and both parties agreed with the ruling of the lower court. Accordingly, the issue was moot, and, properly refusing to decide a moot question, we dismissed the appeal. In the present matter, the very dispute con-

cerns which law is to be applied, and the issue before us is clearly justiciable. In deciding the issue on appeal from the report of the board of viewers, the lower court issued an order which changed the order of the board and remanded the matter to the board. Under §517 of the Code, "A decree confirming, modifying, or changing the report shall constitute a final order." The comment to that section states that the order is final and appealable. Certainly the comment alone would not create the right of appeal, even from a final order, other than by means of a petition under Supreme Court Rule 68½. However, the right of appeal is provided in §523 of the Code, which allows an appeal to the appropriate appellate court from any final order or judgment in an eminent domain proceeding. Hence, the instant appeal is properly before us.

The order of the court below is vacated and the cause is remanded with instructions to proceed in accordance with the views expressed in this opinion.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In my view the majority's determination as to the effective date of the condemnation renders said condemnation unconstitutional. Art. I, Sec. 10 of the Pennsylvania Constitution provides that "private property [shall not] be taken or applied to public use, without authority of law and without just compensation being *first* made or secured." (Emphasis added.) According to the majority, the condemnation was effected on June 11, 1964, some two and one-half months before the authority's bond was approved.

*Braddock Borough v. Bartoletta,* 409 Pa. 281, 186 A. 2d 243 (1962), affirming per curiam 28 Pa. D. & C. 2d 529 (1961) seems to lend some support to the majority's conclusion. However, the following excerpt from the lower court's opinion demonstrates that it is in conflict with Art. I, Sec. 10 of the Pennsylvania Con-

stitution: "From this time, any and all vestige of legal title to the property in question immediately became vested in said Authority. The only interest which may be said to have been remaining in defendant property owners after the enactment of the condemnation resolution was a right to just compensation." 28 Pa. D. & C. 2d at 534. It is precisely this right of just compensation which the Constitution requires to be secured *before* the taking. Cf. *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 230, 221 A. 2d 292, 294 (1966) (concurring opinion).

I agree with the conclusion of the court below that the condemnation was effected upon the approval of the authority's bond rather than upon the filing of the declaration. Hence I believe that appellee is entitled to the benefits provided under the Eminent Domain Code of 1964.

Accordingly, I dissent.

Mr. Chief Justice Bell and Mr. Justice Musmanno join in this dissenting opinion.