Uniroyal, Inc., Appellant, *v.* David C. Coleman, Jr., Commissioner of Records, Department of Records, City of Philadelphia, Commonwealth of Pennsylvania, and George S. Forde, Commissioner of Revenue, Department of Collections, City of Philadelphia, Commonwealth of Pennsylvania, Appellees.

Argued October 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN and Judge KRAMER did not participate.

*Gordon W. Gerber,* with him *William A. Kelley, Jr., Gerald Vincent John* and *Dechert, Price & Rhoads,* for appellant.

*Albert J. Persichetti,* Deputy City Solicitor, with him *Leonard B. Rosenthal,* Assistant City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY JUDGE MENCER, December 10, 1974:

On December 22, 1972, the Masland Duraleather Company, a Pennsylvania corporation (Masland), and its sole shareholder, Uniroyal, Inc., a New Jersey corporation (Uniroyal), adopted a plan of liquidation and dissolution of Masland. The plan provided that, in complete liquidation, as of the close of business on December 29, 1972, Masland would distribute all its assets, in cash and in kind, to Uniroyal.

Thereafter, and in order to confirm that which had occurred by liquidation, Masland executed, acknowl-

edged, and delivered six deeds to Uniroyal relative to six parcels of real property located in the vicinity of 21st Street and Allegheny Avenue in Philadelphia, Pennsylvania.

On January 19, 1973, Uniroyal presented the six deeds for recording, together with certificates setting forth the address of the grantee, to the Department of Records of the City of Philadelphia.[1] Uniroyal also presented a claim for exemption from the provisions of Section 19-1400 of the Philadelphia Realty Transfer Tax Act. Appellee Coleman, Commissioner of Records, refused to accept the deeds for recording without affixation of Philadelphia realty transfer tax stamps.

Uniroyal filed a complaint in mandamus in the Court of Common Pleas of Philadelphia County, seeking an order of court directing the Commissioner of Records to accept the six deeds for recording, without the affixation of Philadelphia realty transfer tax stamps. The lower court dismissed the complaint for the reasons that it did not state a cause of action for relief in mandamus and that Uniroyal had an adequate remedy at law which it had not exhausted. This appeal followed and we reverse.

The threshold question here is whether or not Uniroyal has a right to proceed by mandamus in the Court of Common Pleas of Philadelphia County against appellees to require them to record the six deeds, without payment of the Philadelphia realty transfer tax. Our reading of *Land Holding Corporation v. Board of Finance and Revenue,* 69 Dauphin 191 (1956), *aff'd,* 388 Pa. 61, 130 A. 2d 700 (1957), and *Powell v. Shepard,* 381 Pa. 405, 113 A. 2d 261 (1955), convinces us that mandamus was the proper procedure for Uniroyal to follow under the factual circumstances of this case.

---

[1] In the City of Philadelphia all powers and duties of the office of the Recorder of Deeds are vested in the Department of Records which is directed by the Commissioner of Records.

An action of mandamus will lie to compel public officials to perform their duties in accordance with the law. *Meadville Area School District v. Department of Public Instruction*, 398 Pa. 496, 159 A. 2d 482 (1960). When public officials act in an improper manner because of an erroneous interpretation of the law under which they are functioning, mandamus will issue. *Garratt v. Philadelphia*, 387 Pa. 442, 127 A. 2d 738 (1956). Mandamus lies to compel the performance of a purely ministerial duty. Also, mandamus will lie to compel performance by a public official of a legal duty even if the existence and/or scope of the duty must be found and defined in the mandamus action itself. *Volunteer Firemen's Relief Association v. Minehart*, 415 Pa. 305, 203 A. 2d 476 (1964).

In performing his duties, the Commissioner of Records may act only in accordance with the law. If he determines, as here, that the law requires him to reject deeds submitted to him for recording, his determination in this respect is subject to review by the courts in a mandamus action. *Volunteer Firemen's Relief Association v. Minehart, supra.*

Upon directing our attention to the merits, we are immediately confronted with the contention made by all parties to this dispute that this case is controlled by the reasoning utilized in *Commonwealth v. Passell*, 422 Pa. 473, 223 A. 2d 24 (1966).[2] In *Passell*, Craig Realty Corporation (Craig), by appropriate stockholder and director action, terminated its business and distributed its assets to its stockholders. Craig's sole remaining asset, prior to its distribution, was certain realty located in Pittsburgh, and by deed Craig distributed this realty to the stockholders. The question arose as to

---

[2] The holding in *Passell* is not controlling here since that case dealt with the application of The Realty Transfer Tax Act, Act of December 27, 1951, P. L. 1742, *as amended*, 72 P.S. §§3283-3292, which is not applicable to this appeal.

whether The Realty Transfer Tax Act imposed a tax on a realty transfer by a corporation to its stockholders, pursuant to a plan of complete liquidation of the corporation.

Under the facts in *Passell*, it was held that the conveyance of the interest in realty was by operation of law and not by a document, even though a confirmation document, a deed, was thereafter recorded. The only purpose of the deed in a liquidation and dissolution situation is simply to place on the record information regarding the transfer, much in the same way that articles of merger provide such information in the case of a corporate merger. *Cf. Commonwealth v. Willson Products, Inc.*, 412 Pa. 78, 194 A. 2d 162 (1963).

Likewise, in the instant case, the complete liquidation and dissolution of Masland did effect a transfer of its interest in the realty here in question, and such transfer was effectuated by operation of law rather than by the subsequent confirmatory deed.

The Philadelphia Realty Transfer Tax Ordinance imposes a tax on every person who makes, executes, delivers, or presents for recording a deed which conveys or transfers real estate situate in the City of Philadelphia, or any interest therein. Section 19-1401 et seq. of the Philadelphia code. The tax is imposed at the rate of 1 percent of the consideration stated in the deed or, in the case of a gift or other transaction without consideration, the tax is computed at the rate of 1 percent of the value of the property.

A transfer by a corporation to its shareholders pursuant to a plan of complete liquidation is not expressly taxed under the provisions of the Philadelphia tax ordinance. This significant lack of specific authority relative to taxing transactions involving liquidations and dissolutions of corporations distinguishes the present case from *Wolf v. Mount Lebanon Township*, 212 Pa. Superior Ct. 65, 240 A. 2d 86 (1968).

We conclude that the reasoning of *Commonwealth v. Passell, supra,* as applied to the factual situation here, compels the determination that the confirmatory deeds from Masland to Uniroyal did not transfer real estate, or any interest therein, situate in the City of Philadelphia, and hence were not subject to the tax imposed by the Philadelphia Realty Transfer Tax Ordinance.

Judgment reversed and case remanded to the Court of Common Pleas of Philadelphia County for entry of judgment in favor of Uniroyal, Inc., and against David C. Coleman, Jr., Commissioner of Records, and George S. Forde, Commissioner of Revenue, and for entry of an order directing David C. Coleman, Jr., Commissioner of Records, to receive and record the six deeds in suit, upon payment of the applicable recording and registration fees.