Redevelopment Authority of the City of Lancaster, Appellant *v.* Wabank Real Estate and Investment Company, Inc. and Samuel Miller & Son, Inc., Appellees.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*William M. Musser, Jr.,* with him *Rengier, Musser & Stengel,* for appellant.

*John W. Beyer,* with him *Arnold, Beyer, Reese & Gruber,* for appellee.

OPINION BY JUDGE WILKINSON, JR., February 22, 1978:

The Redevelopment Authority of the City of Lancaster (Authority) appeals an order of the Court of Common Pleas of Lancaster County dated December 17, 1976 remanding a report from the Board of Viewers (Board) in an eminent domain proceeding.

On June 3, 1974 the Authority filed a declaration of taking against four properties owned by Wabank Real Estate and Investment Company, Inc. and leased to the appellee herein, Miller & Son, Inc. At the time of condemnation appellee operated a barrel reconditioning business which it subsequently relocated to a new site in Lancaster, removing part of its equipment from the condemned properties to the new location. During a hearing before the Board appellee introduced evidence of moving costs, expenses to modify the new location and related costs. The Board, which found these costs to be "carefully documented," determined that the sum of these costs would exceed $800,-000. The Authority introduced evidence that the total in-place value of the machinery was $180,990 of which property valued at $34,065 had been moved by appellee to its new location. On August 25, 1976 the Board filed an award of $94,800 for the real estate and $183,425 for dislocation of business damages and moving expenses. On appeal by appellee (the award for the real estate was not contested) the lower court held that the Assembled Economic Unit Doctrine is not applicable where an award is made pursuant to Section 601A of the Eminent Domain Code[1] (Code) and that evidence of the in-place value of the machinery or the value of appellee's property as an As-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, added by Section 8 of the Act of December 29, 1971, P.L. 640, 26 P.S. §1-601A.

sembled Economic Unit is not relevant or admissible in determining damages when machinery or equipment has been moved. We affirm.

Preliminarily we must consider appellee's motion to quash this appeal on the ground that the order of the court below was not a final order within the meaning of Section 517 of the Code, 26 P.S. §1-517, because that section does not include as final orders those which the court refers back to the same or other viewers.

We agree with appellee that the general rule is that remand orders are interlocutory and therefore not appealable. *See Trasoff v. Philadelphia,* 337 Pa. 223, 11 A.2d 139 (1940); *Kellman Trust Fund v. Department of Transportation,* 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976). However, where the remand order settles for all intents and purposes the questioned issue of law between the parties, our Courts have engrafted an exception to the general rule and have entertained appeals from remand orders. *See Dacar Chemical Products Co. v. Allegheny County Redevelopment Authority,* 425 Pa. 343, 228 A.2d 778 (1967); *Department of Transportation v. Kastner,* 13 Pa. Commonwealth Ct. 525, 320 A.2d 146 (1974), *cert. denied,* 419 U.S. 1109 (1975). In distinguishing the procedural posture of that case from others involving remand orders, the Court in *Dacar, supra,* stated, "In the present matter, the very dispute concerns which law is to be applied and the issue before us is clearly justiciable." *Id.* at 347-48, 228 A.2d at 780.

In this case, the lower court issued an order which remanded the case back to the Board with specific instructions regarding the application of Section 601A. In our view, the court's opinion as to the interpretation of Section 601A has placed this case in a situation analogous to that in *Dacar, supra,* where the only issue before the Court was the application of the Code.

Therefore, we deem the Court's order remanding the case back to the Board with respect to these two instructions[2] properly before us at this time.

Appellant's principal contention is that the lower court erred in ruling that Section 601A of the Code precludes consideration of the in-place value of machinery or the value of the machinery and equipment as an economic unit when the business is relocated. The question, in turn, boils down to whether the Legislature intended such values to be considered when reimbursements are made for "reasonable" moving expenses.

Section 601A provides in relevant part:

(a) Any displaced person shall be reimbursed for reasonable expenses incurred in moving himself and his family and for the removal, transportation and reinstallation of personal property.

(1) Receipts therefore shall be considered prima facie evidence of incurred reasonable moving expenses.

. . . .

(b) Any displaced person who is displaced from his place of business . . . shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dislocation of such business . . . as follows:

(1) Actual direct losses with reference to personal property, but not to exceed the greater of (i) the reasonable expenses which would have been required to relocate such personal property, or (ii) the value in place of such personal

---

[2] We expressly decline to consider other issues raised by appellant as not ripe for appeal.

property as cannot be removed without substantially destroying or diminishing its value . . . or without substantially destroying or diminishing its utility in the relocated business. . . .

The first question we will consider is whether the Legislature intended the in-place value of machinery and equipment to be considered by a board of viewers or jury when determining compensable moving expenses under Section 601A(a). Where the words of a statute are not explicit, the intention of the Legislature may be determined by considering the circumstances under which it was enacted, the object to be obtained and the former law. Statutory Construction Act of 1972, 1 Pa. C.S. §1921(c); *see also, Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975).

Prior to the Eminent Domain Code of 1964 neither a condemnee nor a tenant of a condemnee had a right to recover, as a separate item, the costs of removal, transportation and reinstallation of machinery and equipment. *See Butler Water Company's Petition,* 338 Pa. 282, 13 A.2d 72 (1940). In 1964 by enactment of Section 608 of the Code,[3] moving expenses were compensable but were limited to the value of the machinery and equipment. In 1969 Section 608 was amended to expand this compensability to include machinery and equipment which could not be moved without destroying its utility. Damages for such equipment were limited to the lesser of either the reasonable moving expense that would have been required to relocate the equipment or its market value in place. In 1971 the Legislature enacted Section 601A of the Code to replace the former Section 608. As is apparent from a reading of Section 601A the limitation of Section 608 that "reasonable expenses" may not ex-

---

[3] Repealed by the Act of December 29, 1971, P.L. 635.

ceed the market value of the equipment has been eliminated and for it is substituted Section 601A(a)(1) that receipts are to be considered prima facie evidence of reasonable moving expenses. Section 601A(b)(1), which replaces the 1969 amendment to Section 608 changed entirely the maximum allowance for machinery not moved from the *lesser* of the two alternative measures of damages to the greater measure, that is, either the reasonable moving expenses or the value in-place. It appears that it was the object of the Legislature in eliminating the arbitrary ceiling to encourage business to relocate and continue in operation, rather than submit to an enforced sale to the condemnor, to encourage the maximum use of industrial property rather than abandonment, and to preserve the existing economic climate in communities undergoing changes due to redevelopment and other public improvements. That the Legislature intended to further enhance the economic position of a business that elects to relocate rather than abandon its business is apparent from Section 601A(b)(1) which provides for the greater rather than the lesser item of damages for property which cannot be moved. Thus, it appears that rather than intending to continue the prior law that moving expenses are limited to in-place value as appellant suggests, the Legislature intended precisely the opposite.

This construction is further supported by an analysis of Section 601A as a whole. In Section 601A(a) the Legislature makes a general provision for reimbursement for relocation and reinstallation costs. In Section 601A(b) the Legislature allows for damages for property of no further utility to the relocated business determined by the greater of either the machinery in place or the reasonable moving costs. This section is clear and free from ambiguity and as such we may not disregard the letter of it on the pretext of

pursuing its spirit. Statutory Construction Act of 1972, 1 Pa. C.S. §1921(b). However, were we to adopt the construction urged by appellants that "reasonable moving expenses" are to be determined by the value of the machinery, then in every instance businesses faced with actual moving costs greater than the value of the machinery would elect to abandon the property at the condemned site, rendering Section 601A(a) for all practical purposes a nullity. Such a construction is clearly contrary to the mandate of Section 1921(a) of the Statutory Construction Act of 1972. Moreover, this interpretation would render Section 601A(b)(1) contradictory *inter se*, or, in short create an ambiguity in a section that is otherwise clear and free from doubt. We cannot say that the Legislature would intend such an anomalous result. Accordingly, we hold that where machinery and equipment of a condemnee has been moved, evidence of the in-place value of such machinery and equipment is not relevant in determining the reimbursable moving costs under Section 601A(a).

Appellant also contends that the Assembled Economic Unit Doctrine should be applied in instances where a business is relocated so that evidence of the value of the new and the old plants as units may be considered. In our view, however, this contention has been negatived by our Supreme Court in *Singer v. Oil City Redevelopment Authority*, 437 Pa. 55, 261 A.2d 594 (1970) where the Court expressly stated the Doctrine does not apply where all or most of the machinery and equipment of the Economic Unit are removable so that the business is capable of continuance at a new location. Moreover, it is clear from the statutory scheme that the Legislature considered the problem of compensability when only a portion of the machinery or equipment is moved and provided for a solution in Section 601A(b)(1).

Accordingly, we will enter the following

ORDER

Now, February 22, 1978, the order of the Court of Common Pleas of Lancaster County, No. 1, dated December 17, 1976, is affirmed.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent.[1] Admittedly, Section 601A of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-601A, now eliminates the proscription that reasonable moving expenses cannot exceed the in-place value of the personalty involved. I am of the opinion, however, that the 1971 amendment only removed the arbitrary ceiling on allowable moving costs. I cannot believe that the Legislature intended that the in-place value of personalty was not a factor to be considered in determining reasonable moving expenses in a particular instance.

In my view, the in-place value of the personalty bears directly on the question of what would be reasonable moving costs under the circumstances. This is not to suggest that moving expenses may never exceed the in-place value of the objects to be moved. Many situations come to mind where it would not be unreasonable if the expense of moving an item would exceed its value by ten, twenty, or even fifty percent. This may well become the rule, rather than the excep-

---

[1] Initially, I am not at all convinced that we should address the merits of this case. As I read Section 517 of the Code, 26 P.S. §1-517, only a decree "confirming, modifying or changing the report" constitutes a final order. A decree referring it back to the viewers is not a final order. In *Kellman Trust Fund v. Commonwealth of Pennsylvania, Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976). Judge MENCER, in discussing Section 517, said that if the Court below referred the report back to the viewers, it would not be a final order and therefore not appealable.

tion, so as to encourage relocation rather than abandonment of commercial and industrial enterprises.

However, to require a fact-finder to determine reasonableness without the slightest idea as to the in-place value of the item being moved seems unfair both to the fact-finder and the condemnor. In my judgment, the rule should be that such evidence is relevant and, therefore, admissible, but not conclusive, on the issue of reasonableness. Though we do not wish to leave the condemnee in a position worse than before the condemnation occurred, neither should the condemnor be required to pay more compensation than is reasonable.[2]

This view would comport with the current thinking on evidentiary matters in eminent domain proceedings. More and more, the cases and commentators suggest that the fact-finder, whether it be the board of view or the jury, should be allowed to consider every factor which bears some reasonable relationship to questions of value or, as in this case, expense. *See* E. Snitzer, Pennsylvania Eminent Domain, comments to Section 705 (1965).

___

[2] In this case, particularly, would this be so, since the admitted in-place value was $180,990 and the claimed moving expenses exceeded $800,000.