IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel Warren, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 331 M.D. 2019 |
| | : | Submitted: November 15, 2019 |
| Andrea E. Naugle, | : | |
| | : | |
| Respondent | : | |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                          FILED:  January 16, 2020

Before the Court are the preliminary objections in the nature of a demurrer of Andrea E. Naugle, Lehigh County Clerk of Judicial Records (Clerk), to the Amended Petition for Review in the Nature of a Complaint in Mandamus (Amended Petition)[1] filed in our original jurisdiction by Daniel Warren, an inmate at the State Correctional Institution at Phoenix (Inmate).  Upon review, we dismiss the Amended Petition as moot.[2]

---

[1] Mandamus "will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy."  *Kuren v. Luzerne County*, 146 A.3d 715, 750-51 (Pa. 2016); *accord Delaware River Port Authority v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985).  "When public officials act in an improper manner because of an erroneous interpretation of the law under which they are functioning, mandamus will issue." *Uniroyal, Inc. v. Coleman*, 328 A.2d 893, 895 (Pa. Cmwlth. 1974) (citation omitted).  However, mandamus will not be granted in doubtful cases.  *Kuren*, 146 A.3d at 751.

[2] As this Court has explained in another case seeking, *inter alia*, mandamus relief:

Although neither party argues the mootness of the issuance
of the occupancy permits, we may *sua sponte* raise the issue of
**(Footnote continued on next page…)**

The undisputed facts of this case are as follows. On January 3, 2019, Inmate submitted to the Clerk a private criminal complaint pursuant to Section 1405 of The County Code[3] alleging, *inter alia*, that the Lehigh County District Attorney (District Attorney) had violated Sections 405(c) and 411 of The County

---

**(continued…)**

> mootness as "courts cannot 'decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.'"

*Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (citations omitted). *See also Menger et ux. v. Lyon.*, 93 A.2d 451 (Pa. 1953) (holding that a mandamus proceeding seeking to compel city officials to revoke a building permit previously issued for the construction of a motel was rendered moot by a contemporaneous decision of the Court that the landowners had no right to construct the motel under the city's zoning ordinance).

[3] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §1405. Section 1405 states, in relevant part:

> (a) If any district attorney . . . shall be guilty of willful and gross negligence in the execution of the duties of the office, that individual shall be guilty of a misdemeanor in office, and, on conviction thereof, be sentenced to pay a fine not exceeding one thousand dollars ($1,000) and to undergo imprisonment not exceeding one year, and the office shall be declared vacant.

> (b) Upon complaint in writing, verified by oath or affirmation of the party aggrieved, made to the court in which any district attorney shall prosecute the pleas of the Commonwealth, charging such district attorney with willful and gross negligence in the execution of the duties of the office, the court shall cause notice of the complaint to be given to the district attorney and of the time fixed by the court for a hearing. If after the hearing the court shall be of opinion that there is probable cause for the complaint, [it] shall hand over or commit the district attorney to answer the same in due course of law. If the court shall be of opinion that there is no probable cause for such complaint, [it] shall dismiss the same[.]

2

Code[4] by failing to file with the Clerk and maintain in his office a copy of the oath of office that he was required to execute when entering that office pursuant to Section 403 of The County Code.[5]  Amended Petition ¶¶8, 11, 13-17.  The Clerk

---

[4] 16 P.S. §405(c) 411.  Section 405(c) states:

> (c) Any officer failing or refusing to maintain the office and to keep all public records and papers of the office in the buildings appropriated for such purpose in accordance with the provisions of this section, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to undergo imprisonment until the officer complies with the provisions of this section, or until sooner discharged by order of the court, and to pay a fine not exceeding five hundred dollars ($500), to be paid to the use of the county.

In turn, Section 411 states, in pertinent part, "If any county officer neglects or refuses to perform any duty imposed on the officer by the provisions of this or any other act, . . . the officer shall, for each neglect or refusal, be guilty of a misdemeanor, and, on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500)."

[5] 16 P.S. §403.  Section 403 states, in relevant part:

> (a) In addition to any oath or affirmation required by any other act of Assembly, all county officers . . . shall, before entering on the duties of their respective offices or employments, take and subscribe the oath as provided in [Section 1141 of the General Local Government Code,] 53 Pa. C.S.§ 1141 (relating to form of oaths of office).

> (b) The foregoing oath shall be administered by some person authorized to administer oaths, and shall be filed in the office of the prothonotary of the county in which the same is taken.  Any person refusing to take said oath or affirmation shall forfeit his office.

In turn, Section 1141 of General Local Government Code states:

> Whenever an elected or appointed official of a municipality is required to take, subscribe or file an oath or affirmation of office,

**(Footnote continued on next page…)**

3

refused to file the private criminal complaint in the Criminal Division of the Lehigh County Court of Common Pleas (trial court), but instead forwarded it to a magisterial district judge (MDJ) who, in turn, referred it to the District Attorney's Office. *Id.* ¶18. As a result, on May 14, 2019, Inmate again submitted a private criminal complaint to the Clerk, which was filed in the Miscellaneous Docket of the trial court's Criminal Division, at No. CP-39-MD-0001789-2019,[6] but was subsequently forwarded to the Attorney General's Office by the trial court. Amended Petition ¶19; Inmate's Brief in Opposition to Respondent's Preliminary Objections at 4.

On July 29, 2019, Inmate filed the instant Amended Petition seeking mandamus relief and alleging, in relevant part: (1) "[t]he [C]lerk has no discretion to make any judicial determinations on any filings into the office"; (2) "[s]he must and has a ministerial duty to file all properly filed documents"; (3) "[t]he [Clerk] has refused her mandatory duty to file the private criminal complaint into the

---

**(continued…)**

the oath or affirmation shall be in the form prescribed in this section, as follows:

I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.

53 Pa. C.S. §1141.

[6] We may take judicial notice of the trial court's docket. *See* Pa. R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011) (taking judicial notice of a Supreme Court docket in a case involving a similar point of law).

[C]riminal [D]ivision to be processed accordingly"; and (4) "[Inmate] has no adequate remedy at law to compel [the Clerk] to perform her mandatory duty." Amended Petition ¶¶20-23. As a result, Inmate asked this Court to "[e]nter judgment against the [Clerk] commanding [her] to file [his] private criminal complaint into the [C]riminal [D]ivision to be processed in accordance with [Section 1405(a) and (b) of The County Code, 16 P.S. §1405(a), (b)]." *Id.* at 4.

However, as outlined above, it is undisputed that Inmate's private criminal complaint has already been filed in the trial court's Criminal Division and docketed at No. CP-39-MD-0001789-2019. Because the Clerk has already filed the Inmate's private criminal complaint in the trial court's Criminal Division, we need not grant the mandamus relief that he seeks in the Amended Petition.[7]

Accordingly, the Amended Petition is dismissed as moot.

---

[7] To the extent that Inmate is seeking additional mandamus relief in the form of an order directing the trial court to dispose of the private criminal complaint pursuant to Section 1405 of The County Code, or to direct an interdivisional transfer pursuant to Section 5103 of the Judicial Code, 42 Pa. C.S. §5103, we are without subject matter jurisdiction to grant such further mandamus relief. *See, e.g.*, *St. Clair v. Pennsylvania Board of Probation and Parole*, 493 A.2d 146, 150 (Pa. Cmwlth. 1985) ("[T]his Court may always raise *sua sponte* the issue of its own subject matter jurisdiction.") (citations omitted). Section 761(c) of the Judicial Code provides that we "have original jurisdiction in cases of mandamus . . . to courts of inferior jurisdiction . . . where such relief is ancillary to matters within [our] appellate jurisdiction[.]" 42 Pa. C.S. §761(c). The Amended Petition was filed in our original jurisdiction, and the requested mandamus relief is not ancillary to any matter now pending in our appellate jurisdiction. As a result, "there [is] no predicate" for this Court to exercise jurisdiction over the Amended Petition seeking such further mandamus relief. *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, 489 A.2d 1286, 1288 (Pa. 1985). Rather, Section 721 of the Judicial Code vests the Pennsylvania Supreme Court with "original but not exclusive jurisdiction of all cases of . . . [m]andamus . . . to courts of inferior jurisdiction." 42 Pa. C.S. §721. Nevertheless, "[w]e decline to transfer this case pursuant to [Section 5103 of the Judicial Code,] 42 Pa. C.S. §5103, because . . . there is no statute of limitations involved which necessitates preservation of Petitioner's original filing date." *Pennsylvania Gamefowl Breeders Association v. Commonwealth*, 551 A.2d 361, 364 n.4 (Pa. Cmwlth. 1988).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren, :
:
Petitioner :
:
v. : No. 331 M.D. 2019
:
Andrea E. Naugle, :
:
Respondent :

**PER CURIAM**

# O R D E R

AND NOW, this 16th day of January, 2020, Petitioner's Amended Petition for Review in the Nature of a Complaint in Mandamus is DISMISSED as moot.