606 A.2d 594

Robert E. WILSON, Individual and Florence E. Wilson, Individual and Robert E. Wilson and Florence E. Wilson, his wife, and Mildred LaFreeda, Appellants,

v.

NORTH COVENTRY TOWNSHIP, Appellee.

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1991.

Decided March 19, 1992.

Frank W. Hayes and Diane L. Romero, for appellants.

Timothy F. Hennessey, for appellee.

Before PALLADINO and SMITH, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Robert and Florence Wilson (Wilsons) and Mildred La-Freeda (LaFreeda) (collectively landowners) appeal an order of the Court of Common Pleas of Chester County (trial court) which required LaFreeda to transfer a parcel of land (recreation area) to the Wilsons, who were in turn required to convey the recreation area to North Coventry Township (township) by way of a deed of dedication.

The trial court, following a hearing, made the following findings of fact. The Wilsons owned 170 acres of land in the township. In 1983, they applied for approval of a subdivision plan for the property. Initially, the subdivision plan was rejected by the township planning commission because it did not provide for park or open space as required by the township's subdivision ordinance. The Wilsons filed a revised subdivision plan which provided for a recreation area of 6.5 acres. The revised plan was approved by the township on April 30, 1984, and recorded by the Wilsons on July 10, 1984.

On January 17, 1985 the township's solicitor sent a letter to the Wilsons indicating to them that the township knew that the Wilsons had offered the recreation area for sale and informing the Wilsons that the township still intended to accept the recreation area for dedication. The township asked the Wilsons to have the necessary papers drawn up by their attorney so that the township could formalize acceptance of the deed. On February 11, 1985, the township sent the Wilsons another letter with which was enclosed a deed of dedication which the township requested that the Wilsons sign, have notarized and return to the township. The Wilsons did not respond to either letter.

Instead, on March 13, 1985, the Wilsons executed a deed transferring the recreation area to LaFreeda.

On November 25, 1985, the township filed an action in equity in the trial court against the Wilsons, and later against LaFreeda as an additional defendant, seeking specific performance, namely execution of a deed to complete the dedication of the recreation area to the township.

The trial court issued an adjudication and decree nisi, which required LaFreeda to transfer the recreation area to the Wilsons within seven days of the final decree, and then required the Wilsons to, within seven days of the transfer from LaFreeda, convey to the township a deed of dedication of the recreation area. Landowners filed a motion for post-trial relief, which was denied.

On appeal,[1] landowners raise the following issue: whether the trial court erred in concluding that the Wilsons had dedicated the recreation area to the township as park or open space.

The Wilsons argue that the trial court erred by concluding that verbal discussions regarding the designation of the recreation area on their subdivision plan constituted an offer or an intent to offer the recreation area for dedication to the township as open space. The Wilsons rely solely on *Coffin v. Old Orchard Development Corp.*, 408 Pa. 487, 186 A.2d 906 (1962), in which the supreme court held that a park area had not been dedicated when there was no evidence of a clear intent to dedicate the land on the part of the landowners. *Coffin* involved a suit by private landowners against a development company which had sold them lots surrounding a park area. After four years, the development company sold the lots in the park area for building purposes. The landowners brought a suit in equity alleging that the property had been dedicated to them and to the general public by the development company. The

---

1. Our scope of review in equity matters is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Quaker City Yacht Club v. Williams,* 59 Pa.Commonwealth Ct. 256, 429 A.2d 1204 (1981).

court held that no dedication had occurred, even though the development company had discussed with a township officer the possibility of dedicating the park to the township because (1) there was no dedication of the area on the recorded plan, the park area being numbered lots not designated as a park or recreation area; and (2) there was no reference in any of the deeds to a reservation or dedication of the park area.

*Coffin* can be distinguished from the case at bar because the trial court found that the Wilsons specifically revised their subdivision plan to comply with the township ordinance which required a certain amount of land to be dedicated for park or open space in each subdivision. The 6.5 acre tract (lot 46) was clearly designated recreation area on the recorded plan. Also, the revised plan, identifying the recreation area, was approved by the township and recorded by the Wilsons.

In *Reed v. Reese*, 473 Pa. 321, 374 A.2d 665 (1976), the supreme court set forth the rule that the act of recordation of a plan operates as an offer to dedicate the property, which dedication can be completed by acceptance by a public body. Under this rule, we conclude that the Wilsons offered the recreation area to the township when they recorded the plan which had been revised to comply with the township ordinance requiring a dedication of park or open space and which clearly designated the recreation area. The township accepted the dedication, at the latest, in its January 17, 1985 letter informing the Wilsons of its intent to accept the dedication. This occurred before the Wilsons sold the property to LaFreeda. Because the township had accepted the Wilsons' offer of dedication prior to the sale of the property to LaFreeda, the sale to LaFreeda was not valid.

Landowners also argue that the township failed to comply with the provisions of section 515D of the township ordinance, and that this failure should result in loss of the township's entitlement to the dedication. Section 515D requires as follows:

If the land proposed for dedication is acceptable, the Board of Supervisors shall officially accept the land at the time of approval of the final plat. At such time, a deed shall be recorded for the dedicated land and shall contain a restrictive clause identifying its use for park and open space uses in perpetuity.

Landowners point out that although the township approved the subdivision plan on April 30, 1984, the township did not formally request a deed of dedication from landowners until January 17, 1985.

■ Landowners offer no support for their theory that the township waived its right to accept the offer of dedication by not immediately demanding a deed from the Wilsons when the revised plan was recorded. In fact, the township did request a deed from the Wilsons in its letter of January 17, 1985, and again in its letter of February 11, 1985, without success. Despite the township's efforts to obtain a deed from the Wilsons, the Wilsons transferred the recreation area to LaFreeda in March.

Accordingly, we affirm.

## ORDER

AND NOW, March 19, 1992, the order of the Common Pleas of Chester County in the above-captioned matter is affirmed.