641 A.2d 15

**Keith D. HORN, Jr. and Carla Brown Horn, Appellants,**

v.

**BOARD OF PROPERTY ASSESSMENT.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1994.

Decided April 7, 1994.

Robert X. Medonis, for appellants.

John M. Silvestri, Asst. Legal Counsel, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and FRIEDMAN, J.

PELLEGRINI, Judge.

Keith D. Horn, Jr. and Carla Brown Horn (Horns) appeal an order of the Allegheny County Court of Common Pleas (trial court) denying their petition for leave to file a tax assessment appeal *nunc pro tunc.*

In October of 1992, the Horns purchased a home in the Borough of Rosslyn Farms in Allegheny County. The deed to the property included a certificate of residence, signed by the Horns' attorney, which listed the address of P.H.H. U.S. Mortgage Corporation (U.S. Mortgage), the mortgage holder, as the Horns' address. On January 22, 1993, the Board of Property Assessment (Board) mailed a tax assessment notice to the Horns at the U.S. Mortgage address. The notice advised the Horns that an appeal of the increase in assessment must be filed by March 1, 1993. U.S. Mortgage did not promptly forward the notice to the Horns, and as a result, they did not receive it until March 10, 1993.

On March 11, 1993, the Horns wrote to the Board requesting permission to appeal the assessment *nunc pro tunc.* The request was denied and the Horns appealed to the trial court. The trial court affirmed the Board. This appeal followed.[1]

The Horns contend that the Board failed to give them notice of the tax assessment increase as required by Section 8 of the Second Class County Assessment Law (Assessment Law), Act of December 13, 1982, P.L. 1186, *as amended,* 72 P.S. § 5452.15. Section 8 of the Assessment Law provides, in relevant part:

At least thirty (30) days written notice shall be given to any taxable person whose assessment shall be changed. . . .

Any required notice shall be served by the board or any member thereof or by any assessor or by any other person

1. Our scope of review in equity matters is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Wilson v. North Coventry Township,* 146 Pa.Commonwealth Ct. 485, 606 A.2d 594 (1992).

authorized to do so by the board upon said *taxable person* or may be mailed to him or her at his or her *last known address* by first-class mail. (Emphasis added.)

The Horns contend the "last known address" of the taxable person is the address of the property on the deed and that the Board was aware that they were residing at that address. They contend there was no notice in the deed, and the Board failed to so advise them that the address in the Certificate of Residence contained in their deed was the address to which tax assessment notices would be mailed. Because their late filing was caused by the Board failing to provide proper notice of the tax assessment increase, the Horns contend the Board should have granted their *nunc pro tunc* appeal.

The Horns correctly identify the potential difficulty in determining the address to which tax notices must be mailed after a real estate transfer. However, they fail to recognize that this issue has been addressed. While Section 8 of the Assessment Law specifically requires that assessment notices be mailed to the last known address of the "taxable person," it does not require that notice be mailed to the address of the property, recognizing that property is often owned by parties who do not occupy those premises. The manner by which the Board is to determine the last known address of the taxable person is set forth in Section 1 of the Recorder of Deeds Act, Act of April 22, 1929, P.L. 620, *as amended,* 16 P.S. § 9781. Section 1 of the Recorder of Deeds Act requires that when a deed is presented for recording:

"[f]or the purpose of obtaining with accuracy *the precise residence of all owners of real estate,* ..., the recorder of deeds shall ... refuse the [deed], unless the grantee or grantees therein named have attached thereto, ..., a certificate, signed by said grantee or grantees, or someone on his, her or their behalf, setting forth *the precise residence and complete post office address of such grantees,* said certificate to be recorded with said deed; and thereupon the said recorder shall prepare and deliver, ..., *to the board of revision of taxes,* ..., *a list of the real estate or interest in real estate as transferred,* ..., and the names and resi-

dences of the grantee or grantees, with the date of recording." (Emphasis added.)

By doing so, the General Assembly has placed the burden on the property owner to provide the local taxing authority with an accurate mailing address in the certificate of residence.[2] The Board, as required by law, sent the tax assessment increase notice to the taxable person, the Horns, at the address certified to be their "precise residence."[3]

The Horns, however, frustrated the statutory scheme by entering into a private agreement with their mortgage holder to certify the mortgage holder's address as their address in order to maintain their mortgage escrow account. Because the placement of an intermediary between the Board and the Horns was of their own doing, their complaint is not with the Board but with their mortgage holder.

Consequently, the trial correctly denied the Horns' petition for a *nunc pro tunc* appeal because "[a] petition for an appeal *nunc pro tunc* should be granted only where the party making the request has shown that the delay in filing their appeal was engendered by extraordinary conditions involving fraud or a breakdown in the court's operations through a default of its officers." *Western Pennsylvania Water Company v. Board of Assessment, Appeals and Review, County of Allegheny*, 63 Pa.Commonwealth Ct. 472, 477, 439 A.2d 1259, 1261 (1981). The delay here was caused not by the Board, but by U.S.

2. We find no merit in the Horns' contention that both the Board and the deed failed to inform them that the address provided in the certificate of residence was the address to which assessment notices would be mailed. Not only does Section 1 of the Recorder of Deeds Act not require an explanation of purpose be included in the certificate of residence, but, in any event, the Horns are presumed to know the law and the purpose for which it was enacted.

3. Moreover, in tax sale cases, we have long held that the Board is entitled to rely on the address given in the certificate of residence. *See Brown v. Barnes Real Estate Company*, 44 Pa.Commonwealth Ct. 439, 404 A.2d 437 (1979). *But see Tracy v. Chester County, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985) (holding that where the mailed notice of an impending tax sale has not been delivered because of an inaccurate address, the taxing authority must make a reasonable effort to ascertain the identity and whereabouts of the owners before such sale).

Mortgage failing to timely forward the tax assessment notice to the Horns for which U.S. Mortgage is liable.

Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this 7th day of April, 1994, the order of the Court of Common Pleas of Allegheny County dated July 8, 1993, is affirmed.

FRIEDMAN, J., concurs in the result only.