CITY OF LEBANON, Petitioner

v.

COMMONWEALTH of Pennsylvania and City of Lebanon Authority, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2006.
Decided Nov. 22, 2006.

Donald E. Wieand, Jr., Lehigh Valley, for petitioner.

Gregory R. Neuhauser, Harrisburg, for respondent, Commonwealth of Pennsylvania.

Daniel L. Sullivan, Harrisburg, for respondent, City of Lebanon Authority.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY President Judge COLINS.

We consider the preliminary objections filed by the Commonwealth and by the City of Lebanon Authority (Authority) to the City of Lebanon's (City) Petition for Review in the form of a Complaint for a Declaratory Judgment that seeks a declaration that Chapter 3 of Act No. 28 of 2006, Act,[1] violates Article III, Section 32 of the Pennsylvania Constitution which prohibits "local or special laws," and the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution by imposing certain conditions on the City's acquisition of the Authority, a water and sewer system serving the City and twelve municipalities outside the City. We sustain the objections, in part, and transfer this matter to the Court of Common Pleas of Lebanon County.

The city is a City of the Third Class operating under home rule adopted pursuant to the Optional Third Class City Charter Law, 53 P.S. §§ 41101–41625.[2] The Authority is a municipal authority created pursuant to the Municipality Authorities Act, 53 Pa.C.S. §§ 5601–5623. The Authority owns and operates a water and sewer system serving residents of the City and twelve surrounding municipalities. On December 9, 2005, the City, acting pursuant to 53 Pa.C.S. § 5622,[3] adopted an ordinance directing the Authority to transfer its assets to the City. A condition precedent to the City's takeover of the Authority under Section 5622 is that the City must assume all of the liabilities of the Authority. The City alleges that it is working to comply with that requirement but that passage of the Act has made the securing of financing difficult and more expensive because Section 302 of the Act, 53 P.S. § 3102.302, which was signed into law on April 14, 2006, requires the approval of 75% of the outside municipalities serviced by the Authority before it may be conveyed to the City. The City responded to the Act by filing its petition for review.

The Commonwealth has objected preliminarily on the grounds of: 1) insufficient service in that the petition was served by regular mail rather than in person or by certified mail, Pa. R.A.P. 1514(c); 2) lack of subject matter jurisdiction because the Commonwealth is not a proper party as it is not indispensable and the Authority is not a proper party as it is not the Com-

---

1. Act 28, the Water Services Act, 53 P.S. §§ 3102.101–3102.501.

2. Act of July 15, 1957, P.L. 901, *as amended.*

3. 53 Pa.C.S. § 5622 provides, in pertinent part,
   § 5622. **Conveyance by authorities to municipalities or school districts of established projects**
   (a) **Project.**—If a project established under this chapter by a board appointed by a municipality is of a character which the municipality has power to establish, maintain or operate and the municipality desires to acquire the project it may, by appropriate resolution or ordinance adopted by the proper authorities signify its desire to do so, and the authorities shall convey by appropriate instrument the project to the municipality upon the assumption by the municipality of all the obligations incurred by the authorities with respect to that project.

monwealth for purposes of this litigation; 3) lack of a case or controversy in that the City has no interest to assert until the PUC has approved the takeover of the Authority by the City; and 4) the legal insufficiency of the claims raised under the Fourteenth Amendment alleging violations of due process and equal protection.

The Authority has objected preliminarily on the grounds of: 1) insufficient service in that the petition was served by regular mail rather than in person or by certified mail, Pa. R.A.P. 1514(c); 2) lack of subject matter jurisdiction because the Commonwealth is not a proper party in that it is not indispensable and because the Authority is not a proper party in that it is not the Commonwealth for purposes of this litigation; 3) lack of a case or controversy in that the City will have no interest to assert until it has failed to receive approval of the transfer by the surrounding municipalities; 4) failure to join the outside municipalities as indispensable parties; 5) inclusion of scandalous and impertinent matter in that paragraphs 28, 29, 31, and 32 of the petition contain allegations regarding the motivation of individual members of the General Assembly in passing the Act, including allegations of a violation of the Speech and Debate clause;[4] 6) a demurrer to Count I on the ground that there is no violation of Art. III, § 32 of the Pennsylvania Consti-

tution because the General Assembly has the power to deny or restrict the power of a home rule municipality and the City does not have the power to challenge the Act under our constitution; 7) a demurrer to Count II in that the City may not invoke the equal protection clause of the Fourteenth Amendment; and 8) a demurrer to Count III in that the City may not invoke the due process clause of the 14 Amendment.

■ The questions we are asked to determine are 1) whether proper service has been effected; 2) whether the suit should be dismissed for lack of jurisdiction because the Commonwealth is not an indispensable party;[5] 3) whether there is an actual case or controversy; 4) whether the City has failed to join the municipalities other than the City that are served by the Authority as indispensable parties; 5) whether the material complained of in paragraphs 28, 29, 31 and 32 of the petition should be stricken under the speech and debate clause; 6) whether the City has the authority under our constitution to challenge the Act; 7) whether the Act is special legislation; and 8) whether the City may invoke the protection of the Fourteenth Amendment to the United States Constitution.[6]

---

4. The Speech and Debate Clause of the Pennsylvania Constitution, Article II, § 15, provides,

§ 15.  Privileges of members

The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

5. The Commonwealth and the Authority allege in their preliminary objections that the Authority was not a proper party to this ac-

tion because it was not the Commonwealth for purposes of this litigation, but we have not addressed the question because neither party briefed it or otherwise asked for a determination.

6. When we consider preliminary objections we must consider as true all well-plead allegations in the complaint and all reasonable inferences that may be drawn from those allegations. *Smith v. Cortes*, 879 A.2d 382 (Pa. Cmwlth.2005), *aff'd*, 587 Pa. 506, 901 A.2d 980 (2006). Preliminary objections may be sustained only in cases where it is clear and without doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id.*

The City re-served the petition via certified mail; service is not an issue.

■ Section 761(a) of the Judicial Code, 42 Pa.C.S. 761(a), provides, "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government. . . ." "[F]or this Court to have exclusive original jurisdiction over a suit against the Commonwealth and another party, the Commonwealth must be an indispensable party to the action." *Piper Aircraft Corporation v. Insurance Company of North America*, 53 Pa.Cmwlth. 209, 417 A.2d 283, 285 (1980). "Generally, an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. . . . The mere naming, however, of the Commonwealth or its officers in an action does not conclusively establish this court's jurisdiction, and the joinder of such parties when they are only tangentially involved is improper." *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators, Teamsters Local 502*, 696 A.2d 859, 867 (Pa. Cmwlth.1997), *appeal dismissed,* 550 Pa. 228, 704 A.2d 631 (1998).

■ Thus the City bears the burden of demonstrating that the rights of the Commonwealth are "so connected with the claims of the litigants" that the relief it seeks, a declaration that Act 28 violates either the Pennsylvania or United States Constitutions, cannot be granted unless the Commonwealth is a party. The City argues that the Commonwealth is indispensable because the Attorney General is the appropriate representative for the "large number of potentially interested parties which could include all customers of the Authority outside the municipal limits of the City plus . . . the twelve municipalities in which the customers reside." (Brief of the City, p. 12) and because the Public Utility Commission (PUC), which will regulate the water service to residents outside the City, must issue a certificate of public convenience to the City and, under Act 28, has the right to approve the City's take-back attempt. The Attorney General may be *an* appropriate representative for customers of the Authority outside the City, but the Attorney General is not the only person or entity capable of representing those "potentially interested parties." [7] The PUC is a mere regulatory bystander at this point in the litigation; the exact role of the PUC will not be defined until a court determines the constitutionality of the Act and fate of the Authority. The answer to the question of whether the Act is constitutional will clearly affect and define the rights of the City and the Authority; it will have no effect on any right of the Commonwealth. The City has failed to demonstrate that there is some right of the Commonwealth "so connected with the rights of the litigants" that relief cannot be granted unless the Commonwealth is a party.

Accordingly, we sustain the Commonwealth's preliminary objection alleging lack of subject matter jurisdiction in that we find that the Commonwealth is not an indispensable party in this case and the Commonwealth is dismissed as a respondent. As our decision divests us of jurisdiction, we transfer this matter and the remaining preliminary objections to the Court of Common Pleas of Lebanon County pursuant to 42 Pa.C.S. 5103. *See Local 302, International Association of Fire*

---

7. We note that it is, of course, the job of the Attorney General to defend the constitutionality of the statute, but that is a role separate from representing that discrete segment of the population directly affected by the Act.

*Fighters v. City of Allentown,* 55 Pa. Cmwlth. 599, 423 A.2d 1119 (1980).

Judge LEAVITT did not participate in this decision.

### ORDER

AND NOW, this 22nd day of November 2006, the preliminary objections alleging lack of subject matter jurisdiction are SUSTAINED as the Commonwealth is not an indispensable party to this litigation. The Commonwealth is DISMISSED as a respondent and this matter, and the remaining preliminary objections, are TRANSFERRED to the Court of Common Pleas of Lebanon County.

