IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Frank Campeau Jr., : 
a Steward in the Kingdom : 
of Israel, : 
  : 
  : 
Appellant : 
  : 
v. : No. 1903 C.D. 2016
  : Submitted: May 5, 2017
  : 
DEBORAH L. BATES, as: Recorder : 
of Deeds of Wayne County of the : 
Commonwealth of Pennsylvania; : 
and agent of the Department of : 
Revenue of the Commonwealth : 
of Pennsylvania; KAREN : 
YAMIALKOWSKI, as Deputy : 
of the Recorder of Deeds of Wayne : 
County of the Commonwealth of : 
Pennsylvania; DEPARTMENT OF : 
REVENUE of the Commonwealth : 
of Pennsylvania : 


OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                                          FILED: August 22, 2017


David Frank Campeau, Jr. (Campeau), proceeding *pro se*, appeals

from an order of the Court of Common Pleas of Wayne County (trial court), which

sustained the preliminary objections of Deborah L. Bates, Recorder of Deeds for

Wayne County, and Karen Yamialkowski, Deputy Recorder of Deeds for Wayne

County (collectively, Recorders), and the Pennsylvania Department of Revenue

(Department) (collectively, Defendants) and dismissed with prejudice Campeau's

second amended complaint. Campeau contends he is entitled to the relief sought

because Defendants unlawfully refused to record his deed for real property and that the trial court erred by sustaining their preliminary objections and dismissing his complaint. For the reasons that follow, we affirm.

Campeau, in his purported capacity as a "Steward in the Kingdom of Israel," instituted this action by filing a complaint in the nature of an action in mandamus in the trial court against the Defendants, which he amended twice. In the second amended complaint, Campeau alleged that he is the grantee of a deed made between him and David Alan Benner on June 25, 2015. "The consideration in said deed is 571 dollars American Eagle gold coin." Second Amended Complaint at Section IV, ¶2; Reproduced Record (R.R.) at 4a. A notary public acknowledged the deed. On March 18, 2016, Campeau presented the deed to the Recorders and requested them to record the deed. Recorders refused asserting that the deed lacked a certificate setting forth the precise residence of the grantee and a statement of value. According to Campeau, the information that Defendants required is not required as a matter of law and the Defendants have a mandatory duty to record his properly acknowledged deed. Campeau asked the trial court to order Defendants to record his deed as presented. Second Amended Complaint at Section IV, ¶¶1-6, 8, 22-25, Section V, ¶1, and Section VI, ¶1; R.R. at 4a-12a.

In response, the Defendants filed separate preliminary objections. The Recorders demurred for legal insufficiency under Pa. R.C.P. No. 1028(a)(4) asserting that they did not have a duty to record Campeau's deed because he failed to attach: (1) "a certificate . . . setting forth the precise residence and the complete post office address of such grantee or grantees" (certificate of residence) to be recorded with the deed as required by Section 1 of the act commonly known as the

Recorder of Deeds Act,[1] and (2) a statement of value "setting forth the true, full and complete value" of the property contained in the deed as required by Section 1109-C of Article XI-C of the Tax Reform Code of 1971,[2] which is known as the Realty Transfer Tax Act. In addition, the Recorders objected under Pa. R.C.P. No. 1019(c) because Campeau did not attach a copy of the deed to his second amended complaint. Lastly, Recorders moved to strike the identification of Campeau as "a Steward in the Kingdom of Israel" from the complaint as scandalous and/or impertinent matter under Pa. R.C.P. No. 1028(a)(2).

The Department objected on the ground that the trial court lacks jurisdiction over claims against state agencies as such falls exclusively within this Court's original jurisdiction. In addition, the Department demurred under Pa. R.C.P. No. 1028(a)(4) on the ground that Campeau cannot obtain mandamus relief against the Department because the recorder of deeds, not the Department, has the legal duty to record deeds. To the extent Campeau objected to the assessment of the realty transfer tax, the Department asserted mandamus relief is not available because there is an available statutory remedy through which he can seek a reassessment of his property.

Campeau filed answers to both sets of preliminary objections. The trial court heard argument on the preliminary objections. Thereafter, the trial court sustained the Defendants' preliminary objections and dismissed with prejudice the second amended complaint against them. Trial court order, 10/21/16, at 1; R.R. at 61a. In the order, the trial court explained that the Recorders' demurrer was

---

[1] Act of April 22, 1929, P.L. 620, *as amended*, 16 P.S. §9781.

[2] Act of March 4, 1971, P.L. 6, added by the Act of May 5, 1981, P.L. 36, *as amended*, 72 P.S. §8109-C.

appropriate because the Recorders have no duty to record a deed that does not have a certificate of residence as required by Section 1 of the Recorder of Deeds Act. Trial court order, at 1 n.1; R.R. at 61a. In addition, the trial court noted it did not have jurisdiction over the Department as jurisdiction over all civil actions against Commonwealth agencies lies in the Commonwealth Court. Trial court order, at 2 n.2; R.R. at 62a.

From this order, Campeau filed a notice of appeal in this Court. Campeau filed a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b), as directed by the trial court. The trial court, however, did not file a Rule 1925(a) opinion, choosing instead to rely on the rationale set forth in its order.

On appeal,[3] Campeau contends that the trial court erred in sustaining the Defendants' preliminary objections and dismissing his second amended complaint with prejudice. Campeau argues the trial court's rulings are based on erroneous applications of law. With regard to the Recorders' objections, Campeau asserts that the law does not require him to attach a certificate of residence or a statement of value for his deed to be recorded. Although Campeau acknowledges that he did not attach a copy of the deed to his second amended complaint, he claims Defendants were not prejudiced by the omission because the deed was attached to his initial filings, and he should be permitted to amend his pleading. In

---

[3] Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to a determination of whether the court abused its discretion or committed an error of law. *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017). A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id*. Because a preliminary objection in the nature of a demurrer presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id*.

4

addition, he claims that Recorders did not meet their burden of proving that the inclusion of the phrase "Steward in the Kingdom of Israel" was erroneous, scandalous or impertinent.

With regard to the Department's objections, Campeau contends the trial court erred when it sustained the Department's preliminary objection for lack of subject matter jurisdiction. Assuming jurisdiction belongs in this Court, the trial court erred by dismissing his complaint as opposed to transferring the matter. He also claims that the trial court erred by sustaining the Department's preliminary objection that mandamus will not lie against the Department asserting the Department has a duty to enforce the Realty Transfer Tax Act. Lastly, he contends that because his deed was refused, he has never received a notice of assessment. Consequently, there is no appropriate or adequate remedy to challenge his assessment.

**Recorders' Preliminary Objections**

First, Campeau contends that the trial court erred by sustaining the Recorders' demurrer under Pa. R.C.P. No. 1028(4) on the basis that they properly refused to record the deed because Campeau did not attach a certificate of residence to the deed. According to Campeau, the Recorders are under a statutory duty to accept all deeds presented, regardless of whether a certificate of residence is attached. He asserts that the law requiring a certificate of the residence was repealed by implication. On this basis, he claims an action in mandamus will lie against the Recorders.

We begin by noting that a proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a

5

ministerial act or mandatory duty. *Kuren v. Luzerne County*, 146 A.3d 715, 750 (Pa. 2016). Mandamus "will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy." *Id.* at 750-51; *accord Delaware River Port Authority v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985). "When public officials act in an improper manner because of an erroneous interpretation of the law under which they are functioning, mandamus will issue." *Uniroyal, Inc. v. Coleman*, 328 A.2d 893, 895 (Pa. Cmwlth. 1974) (citing *Garratt v. Philadelphia*, 127 A.2d 738 (Pa. 1956)). However, mandamus will not be granted in doubtful cases. *Kuren*, 146 A.3d at 751.

The recorder of deeds has a duty to record the conveyance of real property in accordance with law. *Uniroyal*, 328 A.2d at 895. However, the recorder of deeds is under no duty to accept a deed without a certificate of residence. *See* 16 P.S. §9781. In fact, the law requires the recorder of deeds to refuse noncompliant deeds. *Id.* Specifically, Section 1 of the Recorder of Deeds Act provides:

> For the purpose of obtaining with accuracy the precise residence of all owners of real estate, and persons having a taxable interest therein, *it shall be the duty of the recorder of deeds in each county, whenever a deed or other transfer of real estate or interest in real estate hereafter executed shall be presented to him for record, to refuse the same, unless the grantee or grantees therein named have attached thereto, and made part of such deed or transfer, a certificate, signed by said grantee or grantees, or someone on his, her or their behalf, setting forth the precise residence and the complete post office address of such grantee or grantees, said certificate to be recorded with said deed*; and thereupon the said recorder

6

> shall prepare and deliver, at stated intervals, to the board of revision of taxes, or other official or officials charged with the assessment of such real estate, a list of the real estate or interest in real estate as transferred, with the location of the same, and the names of the grantor or grantors, and the names and residences of the grantee or grantees, with the date of recording.

16 P.S. §9781 (emphasis added).

The purpose of Section 1 of the Recorder of Deeds Act is to obtain "with accuracy the precise residence of all owners of real estate, and persons having a taxable interest therein." 16 P.S. §9781; *accord Horn v. Board of Property Assessment*, 641 A.2d 15, 16 (Pa. Cmwlth. 1994) (the purpose "is to determine the last known address of the taxable person."). "[T]he General Assembly has placed the burden on the property owner to provide the local taxing authority with an accurate mailing address in the certificate of residence." *Horn*, 641 A.2d at 16.

In this case, Campeau does not dispute that he presented a deed without a certificate of residence attached. Rather, Campeau challenges the validity of the requirement. Campeau argues that he was not required to provide a certificate of residence because Section 1 of the Recorder of Deeds Act is no longer valid law. According to Campeau, the General Assembly repealed by implication this section when it enacted Section 325.1 of the Act of July 18, 1941, P.L. 421 (1941 Act), 21 P.S. §325.1. This section provides:

> It shall be the duty of the recorder of deeds in the several counties in this Commonwealth to receive *all deeds presented for record, when the same are duly acknowledged as required by law, and record the same*. And if by virtue of any provision of law any such deed so presented for record is required to be registered in any office for the registration of deeds, other than said

7

recorder's office, within the county in which it is so offered for record, the recorder of deeds shall nevertheless record such deed whether it has been so registered or not, and in such case it shall be the duty of the recorder within ten days after the deed is transcribed into the deed book to have such deed registered in such other registry office or offices before delivering the deed to the party entitled to receive the same. . . .

21 P.S. §325.1 (emphasis added).

Although the 1941 Act does not contain any provisions expressly repealing Section 1 of the Recorder of Deeds Act, Campeau contends the provisions are irreconcilable. According to Campeau, under the 1941 Act, the recorder of deeds has a duty to accept "all" duly-acknowledged deeds presented for record, regardless of whether a certificate of residence is attached. Campeau claims that these sections are irreconcilable because the recorder of deeds cannot record all duly-acknowledged deeds and at the same time refuse duly-acknowledged deeds that do not have a certificate of residence. Because the General Assembly enacted the 1941 Act after the Recorder of Deeds Act, he argues the 1941 Act controls.

Section 1971 of the Statutory Construction Act of 1972 addresses implied repeals by later statute providing:

(a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

(b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and

8

therefore to repeal pre-existing local or special statutes on the same class of subjects.

(c) *In all other cases, a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable*.

1 Pa. C.S. §1971 (emphasis added). In addition, Section 1936 of the Statutory Construction Act of 1972 provides that "[w]henever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." 1 Pa. C.S. §1936. This rule of statutory construction applies only where two statutes are "irreconcilable," or repugnant, not where the statutes may be read together. *Hankee v. Wilkes-Barre/Scranton International Airport*, 616 A.2d 614, 617 n.5 (Pa. 1992). A party asserting application of the rule carries a heavy burden. *Cedarbrook Realty, Inc. v. Nahill*, 387 A.2d 127, 128 (Pa. Cmwlth. 1978), *affirmed*, 399 A.2d 374 (Pa. 1979.)

Repeals of statutes by implication are not favored, and accordingly there is a presumption against the implied repeal of a statute. *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 336 A.2d 609, 614 (Pa. 1975). "The reason for such a restriction is obvious: absent irreconcilability, a judicial finding of implied repeal would essentially rewrite the legislation." *HSP Gaming, L.P. v. City of Philadelphia*, 954 A.2d 1156, 1175 (Pa. 2008). These considerations are particularly significant in a case such as this, involving two statutes which for decades have coexisted without apparent conflict or confusion. *See Pennsylvania Turnpike Commission*, 336 A.2d at 614. With these principles in mind, we examine the alleged irreconcilable provisions.

Section 1 of Act 1941 expressly requires recorders of deeds to record "all deeds" even those that have not been registered in other offices as may be

required, and directs them to forward such deeds to the particular registry office after recordation. 21 P.S. §325.1. In other words, this section does not authorize the recorder of deeds to refuse deeds merely on the basis that they were not first registered in another office. *See id.* However, Section 1 of the Recorder of Deeds Act specifically directs the recorder of deeds to "refuse" any deed that is missing a certificate of residence. 16 P.S. §9781.

Upon examination of the two provisions, we disagree with Campeau's assertion that Section 1 of Act 1941 is irreconcilable with, and therefore impliedly repealed, Section 1 of the Recorder of Deeds Act. Contrary to Campeau's assertions, one can reasonably read these provisions together to require the recorders of deeds to record "all deeds" that otherwise meet the requirements of recordation under the law. Section 1 of the Recorder of Deeds Act requires a certificate of residence. Reading both provisions together promotes the General Assembly's goals of recording deeds and identifying "the precise residence of all owners of real estate, and persons having a taxable interest therein," so that property tax bills are sent to the correct address of the taxable person. *See* 16 P.S. §9781; *Horn.* Thus, we conclude that the two statutes operate concurrently with one another and are not irreconcilable so as to justify the conclusion urged by Campeau that the Recorders must accept his deed without a certificate of residence attached.

Moreover, although the General Assembly enacted the 1941 Act approximately twelve years after enacting the Recorder of Deeds Act in 1929, the General Assembly amended Section 1 of the Recorder of Deeds Act in 1955 to require the certificate of residence to include the grantee's "complete post office

10

address."[4]  The General Assembly did not amend the 1941 Act.  Thus, Section 1 of the Recorder of Deeds Act is the more recent affirmation of legislative intent. 16 P.S. §9781.  Even if we were to conclude that the statutes are irreconcilable, Section 1 of the Recorder of Deeds Act would prevail as the statute latest in date of final enactment.  *See* 1 Pa. C.S. §1936.

As a result, Campeau has no right to have his deed recorded without a certificate of residence.  The Recorders have no corresponding duty to accept Campeau's deed without a certificate of residence.  Thus, Campeau's action in mandamus will not lie against the Recorders.  We, therefore, conclude that the trial court properly sustained the Recorders' preliminary objection in the nature of demurrer and dismissed Campeau's second amended complaint against the Recorders.  In light of this disposition, we need not examine Campeau's assertions of error regarding the Recorders' other preliminary objections.

**Department's Preliminary Objections**

Turning to the Department's preliminary objections, Campeau contends that the trial court erred by dismissing his second amended complaint with prejudice on jurisdictional grounds.  Assuming jurisdiction over claims against state agencies falls exclusively within this Court's original jurisdiction, Campeau asserts that the trial court should have transferred the matter to this Court pursuant to Section 5103(c) of the Judicial Code, 42 Pa. C.S. §5103(a).

When a court does not have jurisdiction, Section 5103(c) of the Judicial Code provides for the transfer to the proper tribunal.  Specifically,

---

[4] *See* Act of March 18, 1955, P.L. 3.

> If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, *the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court*, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa. C.S. §5103(c) (emphasis added).

Section 761 of the Judicial Code, 42 Pa. C.S. §761, establishes this Court's original jurisdiction. Pursuant thereto, this Court has original and exclusive jurisdiction over most forms of civil actions or proceedings "[a]gainst the Commonwealth government." 42 Pa. C.S. §761. However, original jurisdiction is established "only when the Commonwealth party is indispensable." *Ballroom, LLC v. Commonwealth*, 984 A.2d 582, 588 (Pa. Cmwlth. 2009). "'Generally, an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights . . . .'" *City of Lebanon v. Commonwealth*, 912 A.2d 338, 341 (Pa. Cmwlth. 2006) (quoting *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators, Teamsters Local 502*, 696 A.2d 859, 867 (Pa. Cmwlth. 1997), *appeal dismissed*, 704 A.2d 631 (Pa. 1998)). Merely naming the Commonwealth or its officers in an action does not necessarily establish this Court's original jurisdiction under Section 761. *Ballroom*, 984 A.2d at 588; *City of Lebanon*, 912 A.2d at 341.

Here, upon determining that exclusive and original jurisdiction over matters involving the Department lies in this Court, the trial court dismissed the second amended complaint with prejudice against the Department. In this regard, the trial court procedurally erred as the proper procedure would have been to

transfer the matter to this Court. *See* 42 Pa. C.S. §5103. Nonetheless, the Department urges us to affirm the dismissal rather than to transfer the case to this Court on the basis that the Department is not an indispensable party and the Department raised alternate grounds for dismissal in its preliminary objections.[5]

We agree that the Department is not an indispensable party to this action. Campeau filed an action in mandamus to compel Defendants to record his deed. This duty belongs exclusively to the recorder of deeds. *See* 16 P.S. §9781. Although the Department is charged with enforcing the Realty Transfer Tax Act, it has no duty or legal authority to record deeds. *See* Section 1107-C of Realty Transfer Tax Act.[6] Because the Department cannot grant the relief requested, the Department is not an indispensable party triggering this Court's jurisdiction. Consequently, a transfer under Section 5103(a) of the Judicial Code would have been a futile act.

Notwithstanding, the Department raised other grounds for dismissal in its preliminary objections. Specifically, the Department demurred to Campeau's mandamus action on the basis that it is unable to comply with the relief requested. Having determined that the Department has no legal authority or duty to record deeds, we likewise conclude that mandamus will not lie against the Department.

Insofar as Campeau objects to the assessment, or potential future assessment once his deed is recorded, of the realty transfer tax against him, there is

---

[5] Although the Department did not raise this precise issue before the trial court, this Court may affirm the trial court's order based on different grounds than those relied upon by the trial court. *See Township of Salem v. Miller Penn Development, LLC*, 142 A.3d 912, 917 n.4 (Pa. Cmwlth. 2016), *appeal denied*, __ A.3d __ (Pa., No. 271 WAL 2016, filed November 22, 2016).

[6] Added by the Act of May 5, 1981, P.L. 36, 72 P.S. §8107-C.

13

an appropriate and adequate remedy available to challenge any assessment of additional tax and interest due. *See* Section 1111-C(b) of the Realty Transfer Tax Act[7] ("Any taxpayer against whom an assessment is made may petition the [D]epartment for a reassessment pursuant to Article XXVII."[8]). For these reasons, we conclude that the dismissal with prejudice of the second amendment complaint against the Department was proper.

Accordingly, we affirm.

---

[7] Added by the Act of May 5, 1981, P.L. 36, 72 P.S. §8111-C(b).

[8] Sections 2701-2707 of Article XXVII of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, added by the Acts of October 18, 2006, P.L. 1149, and July 2, 2012, P.L. 751, *as amended*, 72 P.S. §§9701-9707.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Frank Campeau Jr.,          :
a Steward in the Kingdom          :
of Israel,                         :
                                   :
                    Appellant      :
                                   :
          v.                       :  No. 1903 C.D. 2016
                                   :
                                   :
DEBORAH L. BATES, as: Recorder     :
of Deeds of Wayne County of the    :
Commonwealth of Pennsylvania;      :
and agent of the Department of     :
Revenue of the Commonwealth        :
of Pennsylvania; KAREN             :
YAMIALKOWSKI, as Deputy            :
of the Recorder of Deeds of Wayne  :
County of the Commonwealth of      :
Pennsylvania; DEPARTMENT OF        :
REVENUE of the Commonwealth        :
of Pennsylvania                    :

## PER CURIAM

### O R D E R

AND NOW, this 22<u>nd</u> day of <u>August</u>, 2017, the order of the Court of Common Pleas of Wayne County, dated October 21, 2016, is AFFIRMED.